unnecessarily tightly so that Marshall was "experience severe pain." 2d Am. Compl. at ¶¶ 23–24. However, Marshall does not allege that he was injured, physically or emotionally, by any of this conduct, except that he sustained quarter-inch sized bruises on the sides of his wrists that went away without medical treatment within two to three weeks of the arrest.[9] See Marshall Dep. (Doc. No. 166-3) at 150–55.

The court has concluded that Evan Cossette and Pekrul had probable cause to arrest Marshall, and "some degree of force is necessary when effectuating an arrest." Frederique v. Cnty of Nassau, 168 F. Supp. 3d 455, 472 (E.D.N.Y. 2016) (quoting Sash v. United States, 674 F. Supp. 2d 531, 538 (S.D.N.Y. 2009)). Given that the alleged conduct took place during an arrest, the court concludes that Marshall has not alleged––much less provided evidence to support—sufficiently egregious behavior on the part of Evan Cossette or Pekrul to state a claim pursuant to article first, sections seven and nine of the Connecticut Constitution, and the defendants are entitled to summary judgment on this claim.

### 3. Additional Issues Related to Claim One

Before proceeding to Marshall's additional claims, the court is compelled to address two additional issues, which are argued at length by Marshall in his Cross-Motion for Summary Judgment, and are related to—but not material to the outcome of––the false arrest claim.

First, in his Memorandum, Marshall attacks several of the factual assertions of

---

[9] The court notes that Marshall has also alleged that, in the holding cell, Zakrzewski applied handcuffs that were too tight. See Pl.'s Statement of Facts at ¶ 17. It is not clear whether Marshall is alleging that the bruises on his wrists were caused by the handcuffs applied by Evan Cossette, or Zakrzewski, or both.

13

53a-180 does not prohibit Slezak's conduct.[13]  The court further notes that the discrepancy—while deeply troubling—does not alter the court's conclusion with respect to the false arrest claim against Evan Cossette and Pekrul, which conclusion is based on the existence of probable cause resulting from the COLLECT query.

As to the hearsay argument, the court notes that the report, which is authored by a defendant, is not hearsay because it is the statement of an opposing party.  See Federal Rule of Evidence 801(d)(2).  Furthermore, even if the author of the report were not a defendant, it would still be admissible if used to prove something other than the truth of the matter asserted, such as impeachment of a witness.  Id. at 801(c)(2).

In Response B, defendant Evan Cossette asserts that the evidence demonstrates that Slezak was present, although Evan Cossette is notably silent on the matter in his sworn Affidavit.  See Evan Cossette Aff.; Def.'s Response B (Doc. No. 190) at 4–5.  Defendant Evan Cossette also argues that the issue is immaterial in any event.  Def.'s Response B at 5.  Although the court is highly skeptical of the first argument, the court agrees that the issue is immaterial to the resolution of the pending Motions for Summary Judgment.

### B. Unlawful Seizure (Count Two)

In his Second Amended Complaint, Marshall brings an unlawful seizure claim against Evan Cossette and Pekrul on the ground that those officers unlawfully seized his license plate.  2d Am. Compl. at 10–11.  The court need not reach the question of whether a license plate can lawfully be seized as evidence of registration and insurance

---

[13] In arguing that section 53a-180 does apply, Marshall selectively quotes the provision, leaving out the language which cabins that section to reports of "a fire, explosion, catastrophe or emergency."  See Pl.'s Mem. at 12.

17